IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE ISRAEL WHITMORE,<br>    Plaintiff,<br>  v.<br>SAN QUENTIN PRISON, et al.,<br>    Defendants.<br>_____/ | No. C 13-4963 NC (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate at San Quentin State Prison ("SQSP"), filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**1. Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . .

a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**2.    Legal Claims**

According to the complaint, on March 26, 2013, Plaintiff was transferred from Deuel Vocational Institute to SQSP after he had been classified as "High Risk Medical." Plaintiff states that he has Hepatitis C, high blood pressure, and arthritis in both knees. Plaintiff also states that he underwent radiation treatment for prostate cancer in 2010.

Plaintiff alleges that, on March 27, 2013, he was made to stand in a small cage at SQSP until he defecated on himself, after which time, he was handcuffed and dragged up four flights of stairs. Plaintiff names as defendants SQSP staff M. Bloise, K. Ancheta, L. Fraire, O. Custanon, and M.L. Davis, but adds no facts whatsoever linking them to his allegations of wrongdoing.[1]

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). The core judicial inquiry is whether force was applied in a good-faith effort to

---

[1] Plaintiff's complaint refers to an "Attachment A." The complaint that was filed did not have any attachments, i.e., the Court received only the four-page form complaint.

2

maintain or restore discipline, or maliciously and sadistically to cause harm. Whitley, 475 U.S. at 320-21.

In order to state an excessive force claim against correctional officer-bystanders, a plaintiff must allege circumstances demonstrating that these officers had an opportunity to intervene and prevent or curtail the violation (e.g., enough time to observe what was happening and intervene to stop it), but failed to do so. See Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability).

Plaintiff's allegations will be dismissed with leave to amend to set forth specific facts showing how each named defendant used excessive force against Plaintiff and/or failed to intervene to prevent the use of excessive force against Plaintiff. Plaintiff must link each named defendant with his allegations of wrongdoing so as to show how each defendant actually and proximately caused the deprivation of his federal rights of which he complains. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff must keep in mind that there is no vicarious liability under § 1983. See Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012) (recognizing that a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation).

## CONCLUSION

1.  The complaint is dismissed with leave to amend. If Plaintiff believes he can cure the above-mentioned deficiencies in good faith, Plaintiff must file an AMENDED COMPLAINT within **twenty-eight (28) days** from the date of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order (13-4963 NC (PR)) and the words AMENDED COMPLAINT on the first page. **Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.** The Clerk of the Court is directed to send Plaintiff a blank civil rights form

along with his copy of this order.

2.  Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

3.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   January 14, 2014

NATHANAEL M. COUSINS
United States Magistrate

4